# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24124-BLOOM/Reid

RUDOLPH GONZALEZ,

    Petitioner,

v.

METRO WEST DETENTION CENTER *et al.*,

    Respondents.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon a *sua sponte* examination of the record. On December 13, 2019, Petitioner filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [8]. On February 27, 2020, Respondents moved for an extension of time to file their response to the Petition for Writ of Habeas Corpus, ECF No. [15], which the Court granted, ECF No. [16]. Respondents' response is due by March 30, 2020. *Id.*

Despite the fact that Respondents have yet to respond to the Petition, Petitioner filed a motion for summary judgment on March 6, 2020. ECF No. [17] ("Motion"). The Motion requests the Court to accept Petitioner's version of events regarding the underlying homicide incident that led to his detention as established facts, dismiss all charges against him, or release him to home confinement. *Id.* The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

The Motion is premature and it fails to accurately reflect the current posture of the record and of the Court granting Respondents' extension of time. Respondents have not responded to the Petition and the time for them to do so still remains. Summary judgment, therefore, is an improper vehicle to resolve this case at this time. Further, the Motion is deficient on procedural grounds,

which alone constitutes a sufficient basis to deny the Motion. Specifically, it fails to comport with Rule 56(c), Fed. R. Civ. P., and S.D. Fla. L.R. 56.1 in that it does not cite to materials in the record to establish his supposedly undisputed factual representations nor does it include a separate and contemporaneously filed and served statement of material facts. Petitioner is expected to follow the Federal Rules of Civil Procedure and the Local Rules, like all party litigants. *See Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) ("Even a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so."); *see also* ECF No. [3].

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion, **ECF No. [17]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Rudolph Gonzalez
5007741
Treasure Coast Forensic Treatment Center
Inmate Mail/Parcels
96 SW Allapattah Road
Indiantown, FL 34956